

WESTERN DISTRICT OF LOUISIANA
RECEIVED · LAFAYETTE

MAR 1 3 2013

TONY R. MOORE, CLERK
BY _____ GB _____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Soileau | Civil Action No. 12-03095 |
| Versus | Judge Richard T. Haik, Sr. |
| National Union Fire Co., et al | Magistrate Judge C. Michael Hill |

### MEMORANDUM ORDER

Before the Court is a Motion To Remand filed by plaintiff, Lisa Soileau, [Rec. Doc. 13] and defendants, Richard Craven, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Wal-Mart Transportation, LLC's ("Wal-Mart"), opposition thereto [Rec. Doc. 23] as well as a Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(4), 12(b)(5) and 12(b)(6) filed by defendant, Richard Craven, [Rec. Doc. 7], plaintiff's opposition thereto [Rec. Doc. 15] and defendant's reply [Rec. Doc. 22].

This case arises out of an automobile accident that occurred on October 22, 2011 in St. Landry Parish, Louisiana. On October 15, 2012, plaintiff filed suit against defendants in the Twenty-seventh Judicial District Court, Parish of St. Landry, Louisiana alleging she sustained injuries when an eighteen-wheeler operated by Richard Craven[1] and insured through an auto policy issued by National Union struck her vehicle as it tried to make a right turn across the lane that she was occupying *R. 1-3, p. 5.* Plaintiff alleged she "suffered and sustained serious injuries to her neck, back, head and body as a whole..." and that she suffered the following damages as a result of her injuries: past and future medical expenses, past and future pain and suffering, past and future mental and emotional anguish, past and future disability, past and future loss of enjoyment of life. *Id.*

---

[1] In her Petition, plaintiff named "Craven R. Lewis" as the driver of the 18-wheeler based upon an accident report prepared by the responding police officer. *R. 15, Exh. A.*

On November 19, 2012, plaintiff's counsel provided counsel for defendants with email correspondence and a copy of a report from an MRI of Plaintiff's lumbar spine taken on November 15, 2012 describing an "extradural defect at L4-5 and L5-S1, the latter demonstrating hyperintense signal along its margin compatible with radial tear and subligamentous disc herniation." *R. 1-5*. Based on these results, plaintiff's counsel advised that plaintiff's doctor was arranging for her to see a specialist. *Id*. Thereafter, defendants filed a Notice of Removal on December 17, 2012, over 30 days after plaintiff's Petition was filed but within 30 days from receipt of the November 19, 2012 email correspondence and MRI report, asserting that the Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. *R. 1*.

Defendant, Richard Craven, filed this motion to dismiss on December 26, 2012, asserting insufficiency of process and service of process, in violation of Federal Rule of Civil Procedure 4(c). *R. 7*. Plaintiff filed the motion to remand, on January 14, 2013. *R. 13*. The two motions were set to be heard on the Court's March motion calendar. In her motion to remand, plaintiff concedes that diversity exists and that her damages exceed the jurisdictional amount of $75,000, she moves to remand, however, on the ground that defendants' notice of removal was untimely. The Court will first consider the motion to remand and then defendant's motion to dismiss.

*1. Motion To Remand*

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) (citation omitted). To assess whether jurisdiction is appropriate, the Court

considers "the claims in the state court petition as they existed at the time of removal."

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citation

omitted). "Any ambiguities are construed against removal because the removal statute should

be strictly construed in favor of remand." *Id.* Although the Court must remand the case to

state court if at any time before final judgment it appears that the Court lacks subject matter

jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c);

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.1996).

A district court has original jurisdiction in a case in which the amount in controversy

exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332. The

timeliness of removal in a civil case is governed by section 1446(b), which provides in

pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within
> thirty days after the receipt by the defendant, through service or otherwise, of
> a copy of the initial pleading setting forth the claim for relief upon which such
> action or proceeding is based ...
>
> If the case stated by the initial pleading is not removable, a notice of removal
> may be filed within thirty days after receipt by the defendant, through service
> or otherwise, of a copy of an amended pleading, motion, order or other paper
> from which it may first be ascertained that the case is one which is or has
> become removable ...

28 U.S.C. § 1446(b). The time limit of the first paragraph of § 1446(b) is triggered "'only

when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in

excess of the minimum jurisdictional amount of the federal court.'" *Bosky v. Kroger Texas,*

*LP*, 288 F.3d 208, 210 (5th Cir.2002) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160,

163 (5th Cir.1992)). When it is unclear from the complaint whether the minimum

jurisdictional amount is met, then the time limit of the second paragraph of § 1446(b) is

triggered when other pleadings, motions or papers make it "unequivocally clear or certain"

3

that the lawsuit is removable. *Id*. The burden is on the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id*.

Plaintiff relies on *Pelas v. EAN Holdings, LLC*, 2012 WL 85841 (E.D. La. Jan. 11, 2012), *Carpenter v. Dollar Gen. Corp*, 2008 WL 4544348 (E.D. La. October 8, 2008) and *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880 (5th Cir .2000), for her contention that it was "facially apparent" from plaintiff's original petition that the claimed damages exceeded $75,000. Plaintiff's petition for damages states that the accident caused "serious injuries to her neck, back, head and body as a whole." *R. 1-3*. Moreover, plaintiff alleges that her damages include "Past medical expenses; Future medical expenses; Past and future pain and suffering; Past and future mental and emotional anguish; Past and future mental and emotional anguish; Past and future disability; Past and future loss of enjoyment of life; and, Other such damages as may be proven at the trial of this matter." *Id*. Finally, the petition states, "the damages exceed $50,000.00 exclusive of interests and costs." *Id*.

Based on the foregoing language in the petition, the Court finds it was facially apparent from plaintiff's original petition that the claimed damages exceeded $75,000. Therefore, the Court will grant plaintiff's motion to remand and defendant's motion to dismiss will not be considered.

Accordingly,

**IT IS ORDERED** that the Motion To Remand [Rec. Doc. 13] filed by plaintiff, Lisa Soileau, is **GRANTED** and the Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, Parish of St. Landry, Louisiana.

Thus done and signed this 12th day of March, 2013 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge